Halko *v.* Foster Township School District, Appellant.

Argued May 29, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

Appeal, No. 90,

*Cletus M. Lyman,* for appellants.

*G. John Bruger,* for appellee.

OPINION BY MR. JUSTICE ARNOLD, June 26, 1953:

This case arose under a case stated wherein the plaintiff demanded that he be reinstated as a teacher. He was suspended because of a decrease in student enrollment. The teacher he seeks to displace, Peter P. Kundra, was retained. It was alleged that Kundra had less seniority rights than the plaintiff, and that no difference in rating prevailed between them.

The court below entered judgment in favor of the plaintiff and required the defendants to reinstate him and to pay him such salary as is due since his suspension on June 9, 1952.

A very narrow question is presented. Plaintiff was first employed by the school district on September 7, 1930. On September 1, 1942, at his request the board of school directors granted him a year's leave of absence that he might work as a chemist in a laboratory plant

in Elkton, Maryland, and thus contribute his maximum effort for winning the war. Extensions for two more years' leave of absence were granted to him by the school district,—that is, until the end of the school year 1944-1945. On August 31, 1945, the school district approved the return of the plaintiff to the teaching position previously held, which teaching continued without interruption until June 9, 1952, when he was suspended. The Public School Code of 1949 requires that upon a decrease in the staff of teachers, those having the least seniority shall be first suspended.[1]

Peter Kundra was employed by the School District on August 31, 1935, and has continued in his professional employment since that time. The question in this case is whether the plaintiff lost his seniority rights as of September 1, 1943, by virtue of the three one-year leaves of absence which he had obtained.

This case does not involve merely the rights of the defendants as against the plaintiff, but also involves the rights of Kundra, who would lose his position if the action of the court below were sustained. Since this is so, there is no doctrine of estoppel that can exist between the plaintiff and the defendants, because Kundra was not a party to any acts giving rise to an estoppel.

The School Code of 1911 was amended up to 1941 (see the replaced volume of 24 PS §1211), the applicable provisions during 1942 and 1945 in regard to leaves of absence being as follows: "Section 1216. (a) Whenever any person employed in the public school system of this Commonwealth shall have completed ten years of satisfactory service as a teacher, at least five consecutive years, or less, at the discretion of the board of school directors, of which service shall have been in the school district from which leave of absence is sought, . . . such

---

[1] Act of March 10, 1949, P. L. 30, as amended, 24 PS §11-1125.

person shall be entitled to a leave of absence for restoration of health, study or travel, or, at the discretion of the board of school directors, for other purposes, for a half or full year, or for two half school years during a period of two years, at the option of such person. Thereafter, one leave of absence shall be allowed after each seven years of service. . . . (i) A sabbatical leave granted to a regular employe shall also operate as a leave of absence without pay from all other school activities. (j) Every employe, while on sabbatical leave of absence, shall be considered to be in regular full-time daily attendance in the position from which the sabbatical leave was taken, during the period of said leave, for the purpose of determining the employe's length of service and the right to receive increments, as provided by law. . ."

Thus the School Code provides that a teacher having completed ten years service shall be entitled to "a leave of absence for . . . [any] purposes, for a half or full school year. . . . Thereafter, one leave of absence shall be allowed [only] after each seven years of service."

The plaintiff had twelve years of continuous, uninterrupted service to his credit when he took a leave of absence on September 1, 1942. But this leave of absence was extended for the next succeeding two years.

Under the circumstances outlined by the Act he was not entitled to a three year leave of absence in successive periods of one year each. We cannot rewrite the statute: *Commonwealth ex rel. Cartwright v. Cartwright,* 350 Pa. 638, 644, 40 A. 2d 30.

Therefore when the plaintiff was absent for three consecutive years without statutory authority, his seniority rights began only when he was reemployed by the board, to wit, September 1, 1945. Kundra was continuously employed since August 31, 1935.

It is thus obvious that the seniority rights of Kundra were greater than those of the plaintiff; and it follows

that the decision of the board dismissing the plaintiff and retaining Kundra was correct.

Judgment reversed.