## Rowan v. Dupont Borough School District

*Thomas F. Burke*, for plaintiff.

*Rosenn, Jenkins, Greenwald & Cardoni*, for defendant.

APONICK, J., February 6, 1954.—This is an action in mandamus. Plaintiff was suspended along with several

others, as a teacher in the Dupont schools. The suspension was due to a drop in school enrollment. Plaintiff complains that contrary to the School Code two teachers with less seniority were retained. She therefore seeks reinstatement, plus damages for loss of salary.

One of the other suspended teachers, Mary Fleming, also complained (October term, 1953, no. 2153) that she had more seniority than the same two teachers who were retained. The two cases were consolidated for trial but counsel have agreed to the facts and have stipulated that our decision in this case should be binding in the Fleming case.

## Facts

1. Margaret McCague Borkowski has been a teacher in the Dupont School District continuously since September 1929, except for a two-year maternity leave from January 1948 to January 1950.

2. Estelle Detz Jackewicz has been a teacher in the same school district continuously since September 1929, except for a two-year maternity leave from December 1944 to January 1947.

3. Plaintiff had been a teacher in defendant school district continuously from September 1933 to August 28, 1952.

4. Mary Fleming had been a teacher in defendant school district continuously from September 1934 to August 28, 1952.

5. On August 28, 1952, defendant board, by appropriate action, suspended plaintiff and Mary Fleming, among others, because of a decreased enrollment.

6. Margaret McCague Borkowski and Estelle Detz Jackewicz were not suspended on August 28, 1952, but are still teaching.

7. On March 4, 1943, the board adopted a resolution requiring pregnant teachers to take a two-year mater-

nity leave, the two years to run from the birth of the child. The resolution specifically provided that the board would not grant sabbatical leaves for maternity reasons or purposes.

8. If plaintiff prevails, she is to be paid $330 per month beginning as of September 1, 1953, all previous salary being waived.

### Discussion

The Public School Code of March 10, 1949, P. L. 30, 24 PS §1-101 et seq., provides for but two kinds of leaves of absence: (1) Sabbatical leave under section 1166 (24 PS §11-1166), and (2) military leave under section 1176: 24 PS §11-1176. Though maternity leaves are not specifically mentioned in the code, it has been held that such leaves might be included within the "other purposes" for which a teacher might be entitled to sabbatical leave: McGurl v. Winton Borough School District, 82 D. & C. 578. Section 1166 of the code reads, in part:

"Any person employed in the public school system of this Commonwealth who has completed ten (10) years of satisfactory service as a teacher, . . . shall be entitled to a leave of absence for restoration of health . . . or, at the discretion of the board of school Directors, for other purposes. . . Such leave of absence shall be for a half or full school year, or for two half school years during a period of two years, at the option of such person. Thereafter, one leave of absence shall be allowed after each seven years of service.

"A sabbatical leave granted to a regular employe shall also operate as a leave of absence without pay from all other school activities."

Even if the board had exercised its discretion to include maternity leaves within the "other purposes," such leaves would have to be limited to one full or two half school years and anything in excess of such time would be without statutory authority. Our Supreme

Court in Halko v. Foster Township School District, 374 Pa. 269, has recently laid down the rule that anyone who takes a leave without statutory authority, even though with the board's consent, loses all prior seniority rights, and such rights must begin anew upon return to teaching after such leave.

We must, therefore, hold that Mrs. Borkowski and Mrs. Jackewicz lost their seniority by their respective maternity leaves. Hence, Mrs. Borkowski's seniority as of August 28, 1952, dated only from her return to duty in January 1950. Mrs. Jackewicz's seniority dated back to her return in January 1947.

Nor can we see how these teachers could have protected their seniority rights. If they had presented themselves at the end of the first year on the theory that they were entitled to one year's sabbatical leave, the board could very properly rejoin that it alone had the discretion to determine whether maternity purposes should be grounds for sabbatical leave, and, since it had already so determined in the negative, there was nothing that could be done about it. Neither can we see how an estoppel could be invoked, inasmuch as there are now involved the rights of others who were not parties to any acts giving rise to an estoppel. See Halko v. Foster Township School District, supra, page 271.

### Conclusions of Law

1. As of August 28, 1952, plaintiff was senior in service to Margaret McCague Borkowski and Estelle Detz Jackewicz.

2. Defendant board's action of August 28, 1952, suspending plaintiff was in violation of the Public School Code of March 10, 1949, P. L. 30, sec. 1125, 24 PS §11-1125.

3. Plaintiff is entitled to reinstatement.

4. Plaintiff is entitled to be paid from September 1, 1953, at the rate of $330 per month.