## Smith v. Pittston Township School District

*Nathan Hyman* and *Ernest D. Preate*, for plaintiff.

*Thomas F. Burke* and *J. Justin Blewitt*, for defendants.

APONICK, J., August 23, 1957.—This is an action of mandamus, brought by a teacher in the School District of Pittston Township against the district and the directors thereof for reinstatement as a teacher, to

the position from which she was suspended on April 12, 1955. The action was tried before the court without a jury, by agreement, under section 1 of the Act of April 22, 1874, P. L. 109, 12 PS §688.

## Findings of Fact

1. On October 9, 1934, plaintiff, Ellen Rupert Smith (nee Ellen Rupert) was hired as a regular school teacher by the Board of Directors of the School District of Pittston Township to teach in the grade schools of said district.

2. On May 4, 1937, plaintiff entered into a professional employe's contract with defendant school district in compliance with the Teachers' Tenure Act of April 6, 1937, P. L. 213, and, by virtue of that act, this contract continued in force and is still in effect.

3. On December 3, 1951, the board of school directors adopted a resolution, effective January 3, 1952, suspending nine teachers, including plaintiff, Helen McAndrew Dessoye and Ella Meehan.

4. On September 8, 1953, plaintiff was reinstated as a teacher under her contract and taught continuously from that time until April 12, 1955, when she was again suspended and has not taught as a regular teacher since that time.

5. After April 12, 1955, plaintiff reported for teaching duties but was refused the opportunity to teach and has been ready and willing to do so up to the present time.

6. At the time of the reinstatement of plaintiff in September 1953 she executed and delivered to defendant school district a release of all salary due her between January 3, 1952, and September 8, 1953.

7. Said release was prepared by the solicitor for the school district and was approved by the board of directors by resolution unanimously adopted.

8. Said release contained the following recital:

"Whereas, the said district is of the opinion that although it has a complete defense to any action which might be brought by the said Ellen Smith, it acting in good faith, wrongfully suspended her."

9. Mary Martin was appointed a teacher in September, 1933, failed of reappointment in September, 1934, and was reappointed in September, 1935.

10. Mary Martin taught continuously from the date of her appointment in 1935 to the time of her suspension in June, 1946.

11. On April 12, 1955, both plaintiff and Mary Martin were teaching in the elementary grades.

12. There is no rating system in defendant school district.

13. There is no vacancy in the teaching staff of the school district for which plaintiff is certified and to which plaintiff could be appointed at the present time.

14. The salary which plaintiff would have beeen paid had she not been suspended between April 12, 1955, and June, 1956, amounts to $4,021.57.

## Discussion

The question involved in this action is whether plaintiff, Ellen Rupert Smith, is senior in service to Mary Martin, another teacher in the district, and, if so, whether plaintiff is entitled to reinstatement to a teaching position at the present time.

Mary Martin was appointed a teacher in September, 1933. This was before the passage of the Teachers' Tenure Act. She failed to be reappointed in September, 1934, but was reappointed in September, 1935. Plaintiff was appointed in September, 1934, and served continuously until the passage of the Teachers' Tenure Act in 1937. At that time, plaintiff entered into a new contract which is subject to the terms of the act.

For the purpose of computing seniority, plaintiff's term begins in September, 1934, and Miss Martin's in September, 1935: Halko v. Foster Township School

District, 374 Pa. 269; Wilchenski v. Throop Borough School District, 383 Pa. 394; Young v. Hanover Township School District, 38 Luz. 35, per Fine, J. Miss Martin taught in the district continuously from September, 1935, to June, 1956, when she was suspended.

By resolution adopted December 3, 1951, the board suspended nine teachers, including plaintiff, Helen McAndrew Dessoye and Ella Meehan, but not Mary Martin. These suspensions took effect January 3, 1952. On September 8, 1953, plaintiff was reinstated and, on or about that date, executed a release to the school district in which she released the district from any claim for salary during the time she was suspended. The pertinent part of this release has been set forth in finding of fact no 8. Plaintiff continued to teach from that time until April 12, 1955, when she was suspended as a result of the decision of this court in the case of Dessoye v. Pittston Township School Board, 45 Luz. Reg. 227, to which reference will be made later.

Plaintiff contends that her service runs from September, 1934, to April 12, 1955, a period of 20 years, seven and a half months. She also claims that Miss Martin's term runs from September, 1935, to April 12, 1955, or 19 years, seven and a half months. On this theory plaintiff has a year more service than Miss Martin.

Defendants contend that plaintiff's term of service runs from September, 1934, to January 3, 1952, and from September, 1953, to April 12, 1955, a period of 18 years, 11½ months. They then contend that Miss Martin's service is continuous from September, 1935, to June, 1956, or 20 years and nine months.

The first point of difference between plaintiff and defendants is as to what date should be used as the terminal date in computing the respective terms of plaintiff and Miss Martin. Plaintiff contends that it

should be April 12, 1955, the date of her suspension. Defendants contend that it should be June, 1956, the date of Miss Martin's suspension. In our opinion, plaintiff is unquestionably correct in her position. It would seem to be perfectly clear that the date for determining the respective length of service of plaintiff and Miss Martin should be the date of plaintiff's suspension, to wit, April 12, 1955. If an error was made by the board in suspending plaintiff on that date, we do not see how it can be corrected by the mere continued service of Miss Martin until her total service is greater than plaintiff's. This reduces the term of service of Miss Martin by one year, one and a half months.

Defendants would deduct from the service of plaintiff the period from January 3, 1952, when she was suspended, to September 8, 1953, when she was reinstated and executed the aforementioned release. Plaintiff contends that, because the board recited in the release that she had been wrongfully suspended, it is improper to deduct such time in computing seniority. Here again, we agree with plaintiff's contention. Defendant school district accepted from plaintiff a release in which it is recited that she was wrongfully suspended. This release was drawn by the solicitor for the district and approved by resolution of the board. The consideration for that recital in the release was that plaintiff waived all the back salary due her for the period she was suspended, which amounted to over $4,000. This admission of wrongful suspension was a deliberate act of defendant school district and it is our opinion that it should be binding upon it in this litigation. Relying upon that statement plaintiff gave up over $4,000 and to permit the district to now repudiate and withdraw that recital would be unconscionable and inequitable.

Therefore, if we reduce the service of Miss Martin by one year, one and a half months, as we have pointed out above, and give plaintiff credit for the period when she was wrongfully suspended, plaintiff is the senior of Mary Martin by one year. At the time of the suspension of plaintiff on April 2, 1955, both plaintiff and Miss Martin were teaching in the elementary grades and, therefore, Miss Martin should have been suspended instead of plaintiff.

Defendants have made reference to the case of Dessoye v. Pittston Township School Board, supra. One of the teachers who was suspended, along with plaintiff, on January 3, 1952, was Helen McAndrew Dessoye. One of the teachers not suspended was Ellen Quinn Corbett. It was susbsequently determined that Mrs. Corbett was junior to both Mrs. Dessoye and plaintiff. In September, 1953, Mrs. Corbett was suspended and plaintiff was reinstated to take her place. Mrs. Dessoye brought an action in this court claiming that she was senior to plaintiff herein and this court so decided. However, there was nothing in that case about the seniority between this plaintiff and Miss Martin. That was not in issue. While it is true that plaintiff could have raised that question (Wilchenski v. Throop Borough School District, supra), we do not think that she was bound to do so.

Defendants also contend that because plaintiff held a position from January 3, 1953, to April 12, 1955, at a time when she was junior to Mrs. Dessoye, which this court subsequently decided, she held her position illegally for this period and should, therefore, not be permitted to count that period toward her term of service. This argument overlooks the fact that we have held, in this decision, that plaintiff was senior in service to Mary Martin who was teaching at that time. Whether the circumstances were such that she could have displaced Miss Martin, we do not know from this

record and, therefore, make no decision on that point. We merely hold that, on this record, we find no illegality in the service of plaintiff during that period.

Defendants also contend that, as plaintiff was junior to Ella Meehan, another teacher suspended January 3, 1952, she could not be reinstated until after Miss Meehan. In fact, Miss Meehan never returned to service in the school district after she was suspended in January 1952. What the circumstances were and whether Miss Meehan ever intended, at any time, to return after January 3, 1952, is not shown on this record. If it was important to defendants, they should have offered proof along those lines. We do not think that the mere fact that the letter from Miss Meehan stating her intention not to return was received some time in August or September 1953, is controlling upon us. This may have been her intention at all times from January 3, 1952.

We are, therefore, of the opinion that plaintiff has senior rights to Mary Martin. However, Miss Martin is not now teaching in the schools, having been suspended in June 1956. Defendants contend that there is no vacancy to which plaintiff can be appointed. Plaintiff counters with the proposition that she is senior to Geraldine Walsh who is now teaching mathematics in the high school and that by a realignment of the teaching personnel, a vacancy would be created in the elementary grades, which is the only place where plaintiff is certified to teach. Cf. Welsko v. Foster Township School District, 383 Pa. 390.

Plaintiff claims that if Marty Mattei, the supervising principal, were to teach mathematics, replacing Miss Walsh, and if there was a realignment of the teaching personnel, one of the elementary teachers could be promoted to the high school and plaintiff could be appointed to the elementary vacancy. We do not agree. Mr. Mattei has a contract with the school

district as supervising principal. There is nothing in that contract requiring him to teach. It seems to us that this question involves too much discretion in the school board to make it the subject of mandamus: Gorski v. Dickson City Borough School District, 178 Pa. Superior Ct. 158; Commonwealth ex rel. Wesenberg v. Bethlehem School District, 148 Pa. Superior Ct. 250, 257.

Having found that plaintiff was wrongfully suspended on April 12, 1955, because she was senior to Miss Martin, we are of the opinion that she should be paid from that time until the suspension of Miss Martin in June 1956. In all probability, she would have been suspended in June 1956, but she would have received her compensation for the interim period. Counsel have agreed that this salary amounts to $4,021.57.

*Conclusions of Law*

1. Plaintiff's seniority rights are superior to those of Mary Martin.

2. The suspension of plaintiff on April 12, 1955, was illegal and improper.

3. Plaintiff is not entitled to reinstatement at the present time.

4. Plaintiff is entitled to recover the salary which she would have received between April 12, 1955, and June 1956, had she not been suspended.

Accordingly, we enter the following

*Order*

Unless exceptions are filed to this decision by either plaintiff or defendants within 30 days after notice by the prothonotary to the parties or their attorneys, as provided by section 2 of the Act of 1874, the prothonotary will enter judgment in favor of plaintiff and against defendant School District of Pittston Township for the sum of $4,021.57, with interest thereon from the effective date of this order.

*Opinion sur Exceptions*

PER CURIAM, December 12, 1957.—This matter comes before the court en banc upon exceptions filed by both plaintiff and defendants to a decision of this court in an action of mandamus tried before the court without a jury. The facts are fully set forth in the previous decision of the trial judge and need not be repeated.

Defendants contend that the trial judge erred in including the period from January 3, 1952, to September 8, 1953, in computing the length of plaintiff's service. The trial judge based his conclusion upon the terms of a release executed at the time of reinstatement in which it was recited that plaintiff had been wrongfully suspended. Defendants contend that the court should disregard the release as it was not binding on Mary Martin, who was an interested party and affected thereby. They cite the case of Halko v. Foster Township School District, 374 Pa. 269, 271.

In that case, plaintiff was given a leave of absence for three consecutive years to work in a war plant. The Supreme Court held that such leaves were unauthorized and that plaintiff had lost his seniority over one who had taught during the time of his absence, although with less total years of service. In substance, the Supreme Court held that the mere fact that the leaves were with permission of the board would not operate as an estoppel as against the other teacher affected. That, however, is far different from the situation in the case at bar.

On January 3, 1952, plaintiff had taught in the district one year more than Mary Martin. Plaintiff was suspended and not Mary Martin. Therefore, when the school board embodied in the release an admission that plaintiff had been wrongfully suspended, it was only stating a fact which was true. There was no estoppel against Mary Martin and it is not on the theory

of estoppel that the release becomes important. In the absence of proof that there was some reason why plaintiff's suspension was justified, we think that the admission in the release is binding.

Defendants' position is that because Ella Meehan and Helen Dessoye have been held to have seniority over plaintiff, she was not wrongfully suspended. This argument, however, overlooks the fact that, as between plaintiff and Mary Martin, plaintiff was senior and Miss Martin should not now be heard to say that the action of the board as to her was improper.

Defendants also contend that plaintiff is barred from questioning her suspension in 1952 at this time, for the reason that she did not raise that question in the case of Dessoye v. Pittston Township School Board, 45 Luz. 227. That case merely involved the respective rights of Mrs. Dessoye and this plaintiff. There was no reason to question the validity of the suspension of 1952, as relating to Miss Martin, because both plaintiff and Mrs. Dessoye were suspended at that time. As soon as plaintiff became aware of the fact that the board would suspend her, instead of Mary Martin, to make room for Mrs. Dessoye, she retained counsel and this action resulted. She had no way of knowing what was the intention of the board prior to that time.

Defendants argue that plaintiff should not be entitled to credit for the time she taught between September 8, 1953, and April 12, 1955, for the reason that both Ella Meehan and Helen Dessoye had greater seniority than plaintiff. Defendants have evidently forgotten that Ella Meehan had stated in a letter dated August or September 1953, that she did not intend to return to the school district and therefore had lost her seniority rights. It is true that this court held that Helen Dessoye was senior to plaintiff but, by the same token, she was also senior to Mary Martin.

If defendants are correct in their contention that such period should not be computed, then Miss Martin is not entitled to credit for the period from January 3, 1952, to September 8, 1953, because she was then junior to both Miss Meehan and Mrs. Dessoye and should have been suspended instead of one of them. To follow this argument to its logical conclusion, the period from January 3, 1952, to September 8, 1953, and the period from September 8, 1953, to April 12, 1955, should be deducted from the service of both plaintiff and Mary Martin, which would give plaintiff one year seniority over Miss Mary Martin. No matter how the term is computed, we are all in agreement that the conclusion of the trial judge that plaintiff is senior to Mary Martin is correct.

We have also studied the exceptions of plaintiff, and, in our opinion, the decision of the trial judge on that question is correct and we adopt the reasoning expressed in his decision.

Accordingly, the exceptions of plaintiff and defendants are dismissed.