## Francis v. John A. Brashear Merged School District

*Coldren & Adams,* for plaintiff.
*Richard D. Cicchetti,* for defendant.

MUNSON, J., March 3, 1966.—Plaintiff, a professional employe of defendant school district, has filed an action of mandamus against said school district seeking reinstatement together with back salary for an alleged wrongful suspension from her professional duties. An answer having been filed, the matter is before us on defendant's motion for judgment on the pleadings on the

ground that no cause of action is set forth in the complaint. Disposition of the motion is governed by the applicable provisions of the Act of March 10, 1949, P. L. 30, as amended, known as the Public School Code of 1949, 24 PS §1-101, et seq.

The complaint avers that plaintiff was first employed as a teacher in 1957 by defendant's predecessor school district and that she was granted a leave of absence for professional study for the school year 1962-63 by defendant school district; that in June, 1963, plaintiff, together with other professional employes, was suspended from her employment by reason of a substantial decrease in pupil enrollment and the consolidation of schools; and that subsequent to her suspension, other suspended professional employes with equal rating and less seniority than herself were reinstated, and plaintiff was not. It appears that plaintiff was subsequently reinstated in August, 1964. It is to be noted at the outset that section 1124 of the Public School Code, supra, 24 PS §11-1124, authorizes school directors to suspend professional employes by reason of, inter alia, a substantial decrease in pupil enrollment and/or consolidation of schools.

The question here presented is whether the taking of a leave of absence by a professional employe for professional study, pursuant to section 522.1 of the Public School Code, as amended, supra, 24 PS §5-522.1, constitutes a break in continuity of service so as to affect the seniority rights of such employe.

Any absence from professional duties which interrupts continuity of service, unless specifically permitted to be included within continuity calculation by some provision of law, reduces seniority time by the period of such absence: McGurl v. Winton Borough School District, 82 D. & C. 578. The Public School Code of 1949, supra, as originally enacted, provided only for two such types of absences; sabbatical leave and mili-

tary service: McGurl v. Winton Borough School District, supra.

Sabbatical leave may be granted to a professional employe after 10 years of satisfactory service for restoration of health, study or travel, or for other purposes: 24 PS §11-1166. The seniority of an employe on sabbatical leave is expressly protected by section 1170 of the Public School Code, supra, 24 PS §11-1170, as follows:

"Every employe, while on sabbatical leave of absence, shall be considered to be in regular full-time daily attendance in the position from which the sabbatical leave was taken, during the period of said leave, *for the purpose of determining the employe's length of service* and the right to receive increments, as provided by law". (Italics supplied.)

Since plaintiff had only five years of service, it is apparent that she could not have qualified for a sabbatical leave.

Nor are we here concerned with the military service type of absence, except as the language in sections 1176 and 1178 of the Public School Code, supra, 24 PS §§11-1176 and 11-1178, expressly protects the seniority of an employe in military service, as follows:

". . . The employe inducted into military or naval service shall forthwith be considered to be upon leave of absence for the entire duration of such service. *All rights and privileges shall be reserved to such employe as if he continued in the service of said school board.* . . . ." (Section 1176(c)).

"*The period of said leave of absence shall be considered as service to the school board in the matter of seniority rights* and credit toward the time necessary for sabbatical leave. . . .": Section 1178(d). (Italics supplied.)

The Act of September 19, 1961, P. L. 1477, sec. 522.1, 24 PS §5-522.1, was added to the Public School Code,

supra, and provided for leaves of absence for professional study in the following language:

"Any school employe who has been granted a leave of absence, approved by the board of school directors, for professional study shall be considered to be in regular full-time daily attendance in the position from which the leave was granted during the period of said leave for the purpose of determining the employe's right to make contributions as a member of the School Employes' Retirement Fund and continue his or her membership therein . . ."

It was under this 1961 addition to the Public School Code that plaintiff took her leave of absence in 1962. By the express language of this section, an employe taking a leave of absence for professional study was considered to be in regular attendance in his position for the purpose of his right to make contributions as a member of the retirement fund. In contrast to the sections concerning sabbatical leave and military service, where an employe's seniority was expressly protected, this 1961 act made no provision for protecting an employe's seniority. Consequently, we cannot read into this act something that is not there. Cf. Halko v. Foster Township School District, 374 Pa. 269.

That we are correct in this conclusion is demonstrated by the fact that by the Act of July 29, 1965, sec. 2, 24 PS §5-522.1, the legislature amended the 1961 act, supra, to protect an employe's seniority while such employe is on leave of absence for professional study. The amending act reads as follows:

"Any school employe who has been granted a leave of absence, approved by the board of school directors, for professional study shall be considered to be in regular full-time daily attendance in the position from which the leave was granted during the period of said leave for the purpose of determining the employe's *length of service* and right to make contributions as a

member of the School Employes' Retirement Fund and continue his or her membership therein. . . ." (Italics supplied.)

Unfortunately for plaintiff, this 1965 amendment, supra, comes too late to help her. We, therefore, make the following

ORDER

And now, March 3, 1966, upon consideration of the above-styled case and for the reasons stated, the complaint is dismissed, defendant's motion for judgment on the pleadings is granted and judgment is hereby entered for defendant.