FIRST UNION NATIONAL BANK n/k/a Wachovia Bank, N.A. as Trustee for the Bondholders by Agent Heard Groggin, Blair Williams & Taxserv, and Josef Banin, Appellees

v.

ESTATE OF Margaret SHEVLIN and Neil Horner, Appellants

Appeal of: Estate of Margaret Shevlin.

Superior Court of Pennsylvania.

Argued Jan. 11, 2006.

Filed April 13, 2006.

Kenneth W. Richmond, Philadelphia, for appellant.

Joel E. Oshtry, Philadelphia, for Banin.

Drew E. Aldinger, Philadelphia, for Wachovia Bank.

BEFORE: LALLY–GREEN, GANTMAN, and KELLY, JJ.

OPINION BY LALLY–GREEN, J.:

¶ 1 Appellant, the Estate of Margaret Shevlin, appeals from the order dated June 22, 2005, denying Appellant's "Petition to Set Aside Sheriff Sale or in the Alternative to Redeem."[1]  We affirm.

¶ 2 This case concerns a sheriff's sale of a property at 210 Moredun Avenue in Philadelphia.  This property contained only a swimming pool and related non-residential structures.  Appellant owned both the property at issue, and an adjacent parcel which contains a residential home at 212 Moredun Avenue.  The sale of the property at issue took place in order to satisfy delinquent tax obligations.  The property at issue was ultimately transferred to intervenor Josef Banin, although a different individual (Roman Feldman) actually placed the bid at the sheriff's sale.

¶ 3 Appellant opposes the sale, in part because Appellant is apparently planning to sell both properties to intervenor Neil Horner.  Banin and Wachovia Bank, N.A., former holder of the real estate tax lien on the property, support the sheriff's sale.

¶ 4 The trial court set forth the factual and procedural history of the case in greater detail as follows:

On September 20, 2002, Plaintiff below, First Union National Bank, n/k/a/ Wachovia Bank (hereinafter "First Union") filed a Petition for a Rule to Show Cause why Defendant Margaret Shevlin's property, 210 Moredun Avenue (hereinafter "the Property") should not be sold at a Sheriff's Sale to enforce a tax lien for real estate taxes delinquent

1.  Intervenor Neil Horner has joined Appellant's brief.

from 1994 to 1996. This Court granted the Petition on February 25, 2003, entered judgment in the amount of $19,806.87 and Ordered that the property be sold at Sheriff's Sale. The Property was unoccupied and contained only an unused swimming pool and some landscaping.

The docket reflects service was attempted multiple times at the Property and on the Property owner Margaret Shevlin at her home just next door, 212 Moredun Avenue, but there was no answer. Notices of the Rule were also sent by certified mail to the Property owner but were returned as unclaimed. The Notices of the Rule and Petition and of the court-ordered Sheriff's Sale were subsequently posted on a fence adjacent to the swimming pool.

The Property went to Sheriff's Sale on September 25, 2003 and was purchased for $86,000 by third-party Intervenor Joseph [sic] Banin. Mr. Banin settled with the Sheriff on November 18, 2003, the deed was acknowledged on December 1, 2003 and recorded on December 22, 2003.

Margaret Shevlin had died in 1992 and there were no estate proceedings until March 24, 2004 when her son, Robert Shevlin, filed a Petition for Appointment of Letters of Administration. Apparently Mr. Shevlin (hereinafter "Appellant") attempted to sell the Property and the home next door on September 9, 2004 and claims to have only then discovered that the Property had been sold almost one year previously. Appellant filed a Petition to Set Aside the Sheriff's Sale or in the Alternative to Redeem on September 17, 200[4], alleging that he had no prior knowledge of the Sheriff's Sale and had never received any notices or observed any postings. [Footnote: A Suggestion of Death of the Defendant and Request for Substitution of Heirs was filed simultaneously with the Petition and Robert Shevlin was named as the Executor of the Estate of Margaret Shevlin.] First Union and Mr. Banin filed responses to the Petition and after consideration of the Petition and the responses thereto, this Court denied Appellant's Petition [on] March 9, 2005.

On March 21, Appellant filed a Motion for Reconsideration which this Court granted on March 23, 2005. While Reconsideration was pending, the prospective buyer for the Properties, Neil Horner, was granted leave to Intervene on June 13, 2005.

Appellees filed responses to the averments in the Motion for Reconsideration, and after review of the same, this Court re-affirmed its Order denying Appellant's Petition to Set Aside Sheriff's Sale or in the Alternative to Redeem on June 22, 2005. On July 6, 2005, Appellant filed this timely appeal.

Trial Court Opinion, 8/15/2005, at 1–3.[2]

¶ 5 Appellant raises two issues on appeal, with sub-parts, as follows:

A. Did the lower court err as a matter of law in concluding that a fenced in swimming pool appurtenant to an occupied residence was a separate "vacant" property, and therefore precluded from redemption under 53 P.S. § 7293(a), because the City of Philadelphia separately taxed the swimming pool portion of the

---

**2.** On July 8, 2005, the trial court ordered Appellant to file a Concise Statement of Matters Complained of on Appeal under Pa.R.A.P. 1925. Appellant filed a timely Concise Statement on July 12, 2005. The trial court issued its Rule 1925 opinion on August 15, 2005.

lot and listed the lot as vacant in its tax records?

    1. Did the lower court err as a matter of law in concluding that a swimming pool enclosed by a fence attached to a residence was "not a residence" for the purpose of redemption under 53 P.S. § 7293(a) where the separately taxed lots were conveyed in a single deed, the lot improved by the residence was reassessed by virtue of the swimming pool improvement[?]

    2. Did the lower court err in concluding that 210 and 212 Moredun Road in Philadelphia, having been conveyed to the Estate's decedent in a common deed, and improved by a residence and a swimming pool, remained unmerged, distinct parcels because the City of Philadelphia separately taxed the lots?

B. Was it an abuse of discretion for the lower court to fail to address or make findings or set aside the Philadelphia Sheriff's conveyance of 210 Moredun Road to a purchaser who was not a bidder at the Sheriff's [sale] where 53 P.S. § 7283 requires that property sold at a sheriff's sale must be sold to the "highest bidder" and that only the "purchaser at the sale can obtain absolute title to the property?"

Appellant's Brief at 3–4.

■ ¶ 6 First, Appellant argues that the trial court erred by failing to allow redemption on the property at issue. Redemption is a process by which a former owner of a property which has been the subject of a sheriff's sale may re-purchase the property within a fixed time [3] by paying the amount that was bid at the sheriff's sale, plus costs. 53 P.S. § 7293; *see generally, First Union Nat'l Bank v. Diamonds & Gold, Inc.*, 850 A.2d 642 (Pa.Super.2004). The redemption statute also contains a significant exception **preventing** redemption of vacant property in cities. The statute reads in relevant part as follows:

### § 7293. Redemption.

(a) The owner of any property sold under a tax or municipal claim, or his assignees, or any party whose lien or estate has been discharged thereby, may, except as provided [below], redeem the same [within a time frame and in a manner as set forth herein].

(c) Notwithstanding any other provision of law to the contrary, in any city, township, borough or incorporated town, there shall be no redemption of vacant property by any person after the date of the acknowledgment of the sheriff's deed therefor. For the purposes of this subsection, property shall be deemed to be "vacant property" unless it was continuously occupied by the same individual or basic family unit as a residence for at least ninety days prior to the date of

---

**3.** An earlier version of Section 7293(a) allowed for redemption within one year of the acknowledgment of the sheriff's deed. Section 7293 was amended effective September 13, 2004, shortening the deadline for redemption to nine months. In the instant case, the acknowledgment of the sheriff's deed took place on December 1, 2003. Appellant filed his petition for redemption on September 17, 2004. If the earlier version of the statute applies, Appellant's petition is timely because it was filed within one year. If the later version of the statute applies, the petition is untimely because it was not filed within nine months. In the instant case, we will assume *arguendo* that the one-year deadline applies because the event triggering the applicable deadline took place before the effective date of the new statute. We also note due process concerns with a contrary interpretation. *See*, 1 Pa.C.S.A. § 1926 ("No statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly.")

the sale and continues to be so occupied on the date of acknowledgment of the sheriff's deed therefor.

53 P.S. § 7293(a), (c).

¶ 7 Appellant concedes that the specific property at issue, 210 Moredun Avenue, is "vacant property" under the definition set forth in Section 7293(c). Indeed, that parcel is "vacant property" because it contains only a swimming pool and non-residential accoutrements; it was not "continuously occupied by the same individual or basic family unit as a residence" at any time. Appellant argues, however, that 210 Moredun Avenue should be considered part of the residential property at 212 Moredun Avenue. Appellant cites Commonwealth Court authority in the area of zoning, and a Court of Common Pleas case regarding mechanic's liens.[4] Appellant also cites the common law doctrine of merger of estates in land.[5]

¶ 8 We begin with basic principles of statutory interpretation:

> The Statutory Construction Act, 1 Pa. C.S. § 1501 et seq., provides that the object of interpretation and construction of all statutes is to ascertain and effectuate the intention of the General Assembly. *See* 1 Pa.C.S. §§ 1903(a), 1921(b). Generally speaking, the best indication of legislative intent is the plain language of the statute. A reviewing court should resort to other considerations to determine legislative intent only when the words of the statute are not explicit. 1 Pa.C.S. § 1921(b). When construing statutory language, "words and phrases shall be construed according to rules of grammar and according to their common and approved usage...." 1 Pa.C.S. § 1903. Finally, the Act advises that, "Statutes in *pari materia* shall be construed together, if possible, as one statute." 1 Pa.C.S. § 1932(b). [Footnote: 'Statutes or parts of statutes are in *pari materia* when they relate to the same persons or things or to the same class of persons or things.' 1 Pa.C.S. § 1932(a)."]

*Knox v. Bd. of Sch. Dirs. of Susquenita Sch. Dist.*, 585 Pa. 171, 888 A.2d 640 (2005) (citations omitted).

> This Court, as an appellate court, cannot rewrite a statute under the pretext of interpreting it. *See Halko v. Board of Directors of School Dist. of Foster Twp.*, 374 Pa. 269, 97 A.2d 793 (1953). When the words of a statute are free and clear of all ambiguity, the letter of the statute is not to be disregarded under the guise of pursuing its spirit. 1 Pa.C.S.A. § 1921(b).

*In re Trust Under Agreement of John H. Ware*, 814 A.2d 725, 737 (Pa.Super.2002).

¶ 9 We decline to create an exception based on the authorities set forth by Appellant. To do so would violate the clear, specific, and unambiguous definition of

---

4. *See, Jacquelin v. Zoning Hearing Bd.*, 126 Pa.Cmwlth. 20, 558 A.2d 189 (1989), *appeal denied*, 525 Pa. 606, 575 A.2d 571 (1990); *In re Fox's Estate*, 16 Pa. D & C 56 (C.P. Dauphin Cty.1930).

5. *See, Nicoletti v. Allegheny County Airport Auth.*, 841 A.2d 156 (Pa.Cmwlth.2004); *cf., Tinicum Twp. v. Jones*, 723 A.2d 1068, 1071 (Pa.Cmwlth.1998) ("Under the doctrine of merger of estate in land, a lesser estate is merged into a greater estate whenever the two estates meet in the same person. The doctrine of merger of estate is, however, **inapplicable** to zoning law where, as here, the term 'merger' is used to describe the effect of a zoning ordinance on the adjoining lots held in common ownership.") (citations omitted; emphasis added).

"vacant property" set forth in Section 7293. Section 7293 begins by defining the right of redemption in relation to "any property sold under a tax or municipal claim." 53 P.S. § 7293(a). In other words, the right of redemption is related to whatever separate parcel of land is subject to a tax lien. *Id.* In the instant case, 210 Moredun Avenue was a separate parcel of land for taxing purposes. The tax lien pertained only to 210 Moredun Avenue. Thus, under § 7293(a), the separate parcel at 210 Moredun Avenue is subject to a tax sale. *Id.* It is also subject to the right of redemption, so long as it is not a "vacant property" as defined in § 7293(c).

¶ 10 Again, § 7293(c) defines "vacant property" as **any** city property which was **not** "continuously occupied by the same individual or basic family unit as a residence for at least ninety days prior to the date of the sale and continues to be so occupied on the date of acknowledgment of the sheriff's deed therefor." *Id.* When the definition of "vacant property" is read *in pari materia* with the remainder of the statute, it becomes clear that the status of 210 Moredun Avenue should be examined separately from the status of adjoining properties. Again, this is true because they are separate parcels for taxing purposes. If we were to create a judicial exception for 210 Moredun Avenue because the property owners attempted to treat the two parcels as one, we would effectively rewrite the statute. We may not do so in the guise of interpretation. *Ware.* Appellant's first claim fails.

¶ 11 Next, Appellant argues that the trial court erred by failing to set aside the sheriff's sale. Essentially, Appellant argues that the sale should be set aside because the ultimate deed-holder (Josef Banin) did not disclose his identity at the bid; rather, a different individual (Roman Feldman) made the bid.

¶ 12 Our standard of review is as follows:

When reviewing a trial court's ruling on a petition to set aside a sheriff's sale, it is recognized that the trial court's ruling is one of discretion, thus a ruling will not be reversed on appeal absent a clear demonstration of an abuse of that discretion. . . . The burden of proving circumstances warranting the exercise of the court's equitable powers is on the petitioner. Courts have entertained petitions and granted relief where the validity of sale proceedings is challenged, or a deficiency pertaining to the notice of sale exists or where misconduct occurs in the bidding process.

*First Union,* 850 A.2d at 650 (citations omitted).

¶ 13 The trial court declined to address Appellant's substantive claim. The court ruled that Appellant's petition to set aside the sale was untimely under Pa. R.C.P. 3132. The rule reads as follows:

**Rule 3132. Setting Aside Sale.**

Upon petition of any party in interest **before delivery of the personal property or of the sheriff's deed to real property,** the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances.

Pa.R.C.P. 3132 (emphasis added). "[P]ursuant to Pa.R.C.P. 3132, a petition to set aside a sheriff's sale may only be granted when the petition is filed before the sheriff's delivery of the deed." *Deutsche Bank Nat'l Co. v. Butler,* 868 A.2d 574, 578 (Pa.Super.2005).

¶ 14 The record reflects that the deed was delivered to Banin in December 2003. Appellant filed his petition to set aside the sale over nine months later, in September 2004. Thus, the trial court did not err or abuse its discretion by denying Appellant's petition as untimely.

¶ 15 Appellant's argument to the contrary is unavailing. Appellant argues that the delivery of the deed to Banin in December 2003 was improper "as he was not properly identified, nor the actual bidder whose specific identity is required under the Sheriff's own rules." Appellant's Brief at 18. These are substantive issues relating to the bidding process that should have been raised in a timely petition to set aside the sale. Because Appellant's petition was untimely, the court properly declined to hear the substance thereof.

¶ 16 Order affirmed.