J-S41017-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK AND LISA MAZZA, | : | |
| | : | |
| Appellant | : | No. 3265 EDA 2017 |

Appeal from the Order September 7, 2017
In the Court of Common Pleas of Chester County
Civil Division at No(s): 12-05926

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWALT, INC., ALTERNATIVE LOAN TRUST 2006-0A10 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-0A10 | : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | No. 99 EDA 2018 |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK D. MAZZA AND LISA A. MAZZA | : | |
| | : | |
| Appellants | : | |

Appeal from the Order Entered November 28, 2017
In the Court of Common Pleas of Chester County
Civil Division at No(s): No. 2012-05926

BEFORE: GANTMAN, P.J., OLSON, J., and STEVENS*, P.J.E.

MEMORANDUM BY OLSON, J.: **FILED AUGUST 13, 2018**

Appellants, Mark D. Mazza and Lisa A. Mazza, appeal *pro se* from the

orders entered September 7, 2017 and November 28, 2017. We affirm the

_____

* Former Justice specially assigned to the Superior Court.

September 7, 2017 order and dismiss the appeal of the November 28, 2017 order.

The relevant factual background and procedural history of this case are as follows.

> On June 12, 2012, [] The Bank of New York Mellon [("BNY Mellon")] filed a [c]omplaint in mortgage foreclosure against Appellants . . . after they failed to make monthly mortgage payments starting in June 2010. . . . On January 23, 2015, following a one-day bench trial on January 12, 2015, the trial court issued a verdict in favor of [BNY Mellon]. . . . The trial court entered judgment on August 12, 2015[.]

***Bank of New York Mellon v. Mazza***, 158 A.3d 172, 2016 WL 5888626, *1 (Pa. Super. 2016) (unpublished memorandum), *appeal denied*, 167 A.3d 701 (Pa. 2017) (paragraph breaks omitted). This Court affirmed that judgment and our Supreme Court denied allowance of appeal. ***See generally id.***

On June 15, 2017, BNY Mellon bought the subject property at a sheriff's sale. Appellants filed a petition to set aside the sheriff's sale; however, they later withdrew that petition. On August 8, 2017, the Chester County Sheriff delivered the deed to BNY Mellon. On August 11, 2017, that deed was recorded. Approximately five hours later, Appellants filed a second petition to set aside the sheriff's sale. On September 7, 2017, the trial court denied that petition and Appellants timely appealed that order.

On October 11, 2017, the trial court ordered Appellants to file a concise statement of errors complained of on appeal ("concise statement") within 21 days. ***See*** Pa.R.A.P. 1925(b). Appellants failed to file a concise statement.

On November 22, 2017, Appellants filed a petition for leave to file a concise statement *nunc pro tunc*. On November 28, 2017, the trial court denied that petition without a hearing. Appellants timely appealed that order and this Court consolidated the two appeals.

Appellants present five issues for our review:

1. Was due process denied to Appellants due to [the trial court's] failure to properly serve [A]ppellants the [concise statement] order?

2. Did the [trial] court commit error of law and/or abuse of discretion by denying [A]ppellants['] motion for leave to file motion for reconsideration and correct a procedural error regarding lack of service of the [concise statement] order?

3. Did the [trial court] abuse [its] discretion, commit errors of law[,] and disregard substantial evidence by denying [A]ppellants['] petition seeking leave of court to file petition for additional time or *nunc pro tunc* relief to file a [] concise statement when the order requesting same was not sent and/or delivered to [A]ppellants[?]

4. Did the [trial court] abuse [its] discretion, commit errors of law[,] and/or disregard substantial evidence in denying [A]ppellants['] petition to set aside sheriff sale that occurred on June 15, 2017 and in requiring [A]ppellants to seek leave of court before filing further motions?

5. Should this Court vacate the two orders on appeal and remand to the [trial] court for a fact-finding hearing on the petition/motion and/or exceptions to set aside sheriff sale that occurred on June 15, 2017 and/or direct the [trial] court to grant [A]ppellants an extension/enlargement of time to file the concise statement . . . ?

Appellants' Brief at 1-2.[1]

---

[1] We have re-numbered the issues for ease of disposition.

J-S41017-18

In their first three issues, Appellants argue that the trial court erred in denying their petition to file a concise statement *nunc pro tunc*. Pennsylvania Rule of Appellate Procedure 1925 provides that "[i]ssues not included in the [concise s]tatement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii). This finding of waiver is mandatory. *See Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998). However, the failure to file a concise statement is excused when there is a breakdown in the court system and the appellant fails to receive the trial court's concise statement order. *See Commonwealth v. Parks*, 768 A.2d 1168, 1171-1172 (Pa. Super. 2001) (citation omitted). In this case, we refuse to find Appellants' issues waived because the trial court had an insufficient basis to find that Appellants received the concise statement order. As we decline to find Appellants' issues related to the September 7, 2017 order waived, we dismiss the appeal of the November 28, 2017 order as moot.

In their fourth and fifth issues, Appellants argue that the trial court erred in denying their petition to set aside the sheriff's sale and that an evidentiary hearing was necessary. We review a trial court order denying a petition to set aside a sheriff's sale for an abuse of discretion. *First Union National Bank v. Estate of Shevlin*, 897 A.2d 1241, 1246 (Pa. Super. 2006).

Under Pennsylvania Rules of Civil Procedure 3132 and 3135, a challenge to a sheriff's sale must be made prior to the deed being delivered. *See* Pa.R.C.P. 3132, 3135(a). "There is an exception to this time bar, however. A

- 4 -

sheriff's sale may be set aside after delivery of the sheriff's deed based on fraud or lack of authority to make the sale." *Mortgage Elec. Registration Sys., Inc. v. Ralich*, 982 A.2d 77, 80 (Pa. Super. 2009), *appeal denied*, 992 A.2d 889 (Pa. 2010) (citation omitted).

Appellants incorrectly aver that they filed their petition prior to the date the sheriff transferred the deed to BNY Mellon. The certified record confirms that the sheriff delivered the deed, and it was recorded, prior to Appellants filing their petition to set aside the sheriff's sale. Therefore, Appellants were required to prove fraud or lack of authority to make the sale. Hence, the trial court properly rejected Appellants' arguments unrelated to fraud or lack of authority to make the sheriff's sale.

Appellants set forth two allegations of fraud or lack of authority to make the sheriff's sale. First, they argue that the attorney who purchased the property was unauthorized to proceed with the sale. This argument is frivolous. A purchaser, by his or her very nature of **buying** the property, need not have authority to **sell** the property. Second, Appellants argue that BNY Mellon failed to plead in their complaint that it owned the mortgage and, therefore, BNY Mellon lacked authority to proceed with the sheriff's sale. However, the record reflects that BNY Mellon pled that it owned the mortgage. Complaint, 6/12/12, at ¶ 5. Accordingly, the allegations of fraud and lack of authority to make the sale were belied by the record; thus, the trial court

properly denied Appellants' petition to set aside the sheriff's sale without an evidentiary hearing.

Appellants' fourth issue also challenges the trial court's issuance of sanctions under Pennsylvania Rule of Civil Procedure 233.1. Appellants, however, fail to make any argument in their brief as to how the trial court erred in imposing Rule 233.1 sanctions. Hence, Appellants' waived any challenge to the Rule 233.1 sanctions. *See* Pa.R.A.P. 2119(a).

Order affirmed in appeal 3265 EDA 2017. Appeal 99 EDA 2018 dismissed as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/13/18