J-S20018-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LISA MARIE PHILHOWER | : | |
| | : | |
| Appellant | : | No. 2966 EDA 2022 |

Appeal from the Order Entered October 31, 2022
in the Court of Common Pleas of Northampton County,
Criminal Division at No(s): CP-48-CR-0003445-2011.

BEFORE: DUBOW, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED JUNE 26, 2023**

Lisa Marie Philhower appeals *pro se* from the order denying as untimely her petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. We affirm.

The pertinent facts and procedural history are as follows. As a result of a string of fifteen burglaries of various residences, the Commonwealth charged Philhower with multiple counts of burglary and related charges. On February 7, 2012, she pled guilty to six counts of conspiracy to commit burglary of a home—no one present, and one count of theft by unlawful taking or disposition. In exchange for her early cooperation with the authorities, the Commonwealth agreed to withdraw numerous charges related to all fifteen

_____

[*] Retired Senior Judge assigned to the Superior Court.

burglaries, but nevertheless required Philhower to pay the total amount of restitution claimed by all of her victims. On April 12, 2012, the trial court imposed an aggregate sentence of fourteen and one-half to twenty-nine years of imprisonment.

Following the denial of her post-sentence motion, Philhower filed an appeal to this Court in which she raised a discretionary challenge to her sentence, and a claim that the trial court abused its discretion by failing to impose a Recidivism Risk Reduction Incentive ("RRRI") Act sentence despite the fact that she did not have a criminal history involving crimes of violence. Finding no merit to either contention, on February 5, 2014, we affirmed her judgment of sentence. **Commonwealth v. Philhower**, 97 A.2d 793 (Pa. Super. 2014). Philhower did not seek further review.

On May 21, 2014, Philhower filed a *pro se* "Petition to Reinstate Appellate Rights." Treating this filing as a PCRA petition, the PCRA court appointed counsel. On September 25, 2014, PCRA counsel, at Philhower's request, filed a praecipe to withdraw the petition.

Almost eight years later, on June 16, 2022, Philhower filed a *pro se* "Petition for Reconsideration under [RRRI] Act." The PCRA court treated this filing as a PCRA petition and appointed counsel. On September 16, 2022, PCRA counsel filed a motion to withdraw and "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On September 21,

2022, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Philhower's petition as untimely filed and establishing no exception to the PCRA's time bar. Philhower filed a response. By order entered October 31, 2022, the PCRA court denied Philhower's petition. This appeal followed. Both Philhower and the PCRA court have complied with Pa.R.A.P. 1925.[1]

Philhower raises the following two issues on appeal:

I.    Did the trial judge abuse her discretion by not imposing a RRRI sentence despite [Philhower's] lack of criminal history involving crimes of violence and imposing instead, a sentence that was not consistent with the Sentencing Code and contrary to the fundamental norms underlying the sentencing process?

II.   Did the [PCRA] court err in denying [Philhower's] PCRA [petition] by rejecting [Philhower's] claims of being denied [the] right to due diligence caused by statewide institutional lockdowns brought on by the COVID-19 pandemic thus abusing discretion by deeming [Philhower's] PCRA [petition] as untimely?

Philhower's Brief at 4 (capitalization adjusted).

Philhower challenges the denial of her attempt to obtain post-conviction relief. Using the applicable standard of review, we must determine whether

_____

[1] On January 3, 2023, the PCRA court filed a Rule 1925(a) statement in which it noted that Philhower's failure to file a Rule 1925(b) statement rendered the court "unable to address any of [Philhower's] perceived errors raised on appeal at this time." The certified record reveals Philhower's Rule 1925(b) statement was filed on December 23, 2022. Therein, she presented sentencing challenges, as well as challenges to the court's dismissing her second petition as untimely. Because the PCRA court fully explained, in its Rule 907 notice, why Philhower's petition was in fact untimely, we decline to find waiver on this basis.

the ruling of the PCRA court is supported by the record and is free of legal error. **Commonwealth v. Blakeney**, 108 A.3d 739, 749-50 (Pa. 2014) (citations omitted). We apply a *de novo* standard of review to the PCRA court's legal conclusions. **Id.**

Before addressing Philhower's substantive issue regarding her sentence, we must first determine whether the PCRA court correctly concluded that her second petition was untimely filed, and that she failed to establish an exception to the time bar.

The timeliness of a post-conviction petition is jurisdictional. **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." **Commonwealth v. Brandon**, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007); **see also** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

Moreover, a PCRA petitioner must file her petition "within one year of date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Derrickson**, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Philhower's judgment of sentence became final on March 7, 2014, after the thirty-day period for filing a petition for allowance of appeal to our Supreme Court expired. 42 Pa.C.S.A. § 9545(b)(3). Thus, in order to be timely her PCRA petition had to be filed by March 9, 2015.[2] Because Philhower filed her second PCRA petition in 2022, it is patently untimely unless she has satisfied her burden of pleading and proving that one of the enumerated exceptions applies. **See Hernandez**, **supra**.

After review, we concur with the PCRA court's conclusion that Philhower failed to plead and prove a time-bar exception. Philhower contends that her recent discovery of our Supreme Court's decision in **Commonwealth v. Finnecy**, 249 A.3d 903 (Pa. 2021) satisfies the newly-discovered fact exception to the PCRA's time bar. Section 9545(b)(1)(ii), **supra**. To establish this exception, a PCRA petitioner must allege and offer to prove that the facts

---

[2] Because March 7, 2015, was a Saturday, Philhower had until the following Monday to file a timely PCRA petition. **See** 1 Pa.C.S.A. § 1908.

upon which the claim is predicated were not previously known to the petitioner and could not have ascertained earlier with the exercise of due diligence. ***Commonwealth v. Burton***, 158 A.3d 618, 629 (Pa. 2017).

It is now well settled, however, that a judicial opinion—even one which may establish a new theory or method of relief—does not amount to a newly-discovered fact under section 9545(b)(1)(ii) of the PCRA. ***Commonwealth v. Reid***, 235 A.3d 1124, 1148 (Pa. 2020); ***see also Commonwealth v. Cintora***, 69 A.3d 759, 763 (Pa. Super. 2013) (explaining that judicial decisions are not newly-discovered facts for purposes of the PCRA's time bar exception). Thus, because the ***Finnecy*** decision cannot be a newly discovered fact, Philhower's assertion that she was unable to discover the ***Finnecy*** decision in the prison law library because of pandemic institutional lockdowns is unavailing. ***See also Commonwealth v. Baldwin***, 789 A.2d 728, 731 (Pa. Super. 2001) (explaining that a petitioner's lack of prior knowledge of a newly decided case does not excuse a failure to file a timely PCRA petition).

Moreover, even if her petition were timely, the sentencing claims she raised in her first issue would not entitle her to post-conviction relief. To be eligible for relief under the PCRA, a petitioner must prove "[t]hat the allegation of error has not been previously litigated or waived." 42 Pa.C.S.A. § 9543(a)(3). An issue will be deemed previously litigated when "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue. 42 Pa.C.S.A. § 9544(a). As noted above, in affirming Philhower's direct appeal, we found meritless her challenge

to the discretionary aspects of her sentence as well as the trial court's failure to impose an RRRI sentence. **Philhower**, **supra**.

Finally, to the extent Philhower claimed in her petition that her illegal sentence claim cannot be waived, we note that such a claim must be presented in a timely petition in which the court has jurisdiction. **See generally**, **Commonwealth v. Winterhawk**, 146 A.3d 266 (Pa. Super. 2016).

In sum, the PCRA court correctly determined that Philhower's second PCRA petition was untimely filed, and she did not plead or prove an exception to the PCRA's time bar. We therefore affirm the PCRA court's order denying Philhower post-conviction relief.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/26/2023